UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZCO BIOTECH INC., a Nevada Corporation; and J. ADAMS, an individual, | Civil No.    12-cv-2599-BEN (DHB) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' APPLICATION TO SET RULE 26(f) DISCOVERY CONFERENCE, PERMIT INITIATION OF DISCOVERY AND SET EARLY NEUTRAL EVALUATION CONFERENCE** |
| v. | |
| QIAGEN, N.V., a Netherlands holding company; STEVEN GORDON, an individual; JINGYUE JIU, an individual; JERZY OLEJNIK, an individual; INTELLIGENT BIO-SYSTEMS, INC., a Delaware Corporation; and DOES 1-50, inclusive, | **[ECF No. 23]** |
| Defendants. | |

On June 13, 2013, the parties jointly filed a document entitled "Joint Submission Regarding Plaintiffs' Application to Set Rule 26(f) Discovery Conference, Permit Initiation of Discovery and Set Early Neutral Evaluation Conference." (ECF No. 23.)  Plaintiffs Azco Biotech Inc. ("Azco") and J. Adams ("Adams") request that the Court compel the parties to conduct a Rule 26(f)[1] conference within fifteen days and that the parties exchange initial disclosures fifteen days thereafter.  (*Id.* at 5:11-13.)  Plaintiffs alternatively request leave to commence discovery on those issues that are not the subject of Defendants' pending motion

---

[1] All references to "Rules" shall refer to the Federal Rules of Civil Procedure except where otherwise noted.

to dismiss.  (*Id.* at 5:13-14.)  Finally, Plaintiffs request that an Early Neutral Evaluation Conference be scheduled within forty-five days.  (*Id.* at 5:15-16.)  Defendants oppose Plaintiffs' requests and contend that the Rule 26(f) conference, opening of discovery and scheduling of an Early Neutral Evaluation Conference should not occur until after District Judge Roger T. Benitez rules on the pending motion to dismiss.  (*Id.* at 6:17-20.)

After careful consideration of the parties' arguments, the status of this action and the applicable law, the Court **DENIES** Plaintiffs' requests.

## I. BACKGROUND

On October 24, 2012, Plaintiffs filed this action against Defendants Qiagen, N.V. ("Qiagen"), Steven Gordon ("Gordon"), Jingyue Jiu ("Jiu"), Jerry Olejnik ("Olejnik") and Intelligent Bio-Systems, Inc. ("IBS").  (ECF No. 1.)  Plaintiffs' Complaint is premised on the allegation that Gordon (the largest shareholder of IBS) sold out his friend and partner, Adams (the CEO and sole shareholder of Azco) by selling to Qiagen "what Azco and IBS had partnered to develop, promote, sell and service for the burgeoning DNA sequencing market."  (*Id.* at 2:13-17.)  Plaintiffs also allege that Qiagen paid Gordon $138 million to abandon Adams "in return for the technologies, processes, customer lists, marketing, customer relations and other work product" that Azco and IBS had generated over the course of fifteen months of cooperative efforts.  (*Id.* at 2:17-20.)

Plaintiffs' Complaint asserts eighteen separate causes of action: (1) breach of written contract; (2) breach of oral contract; (3) breach of the implied covenant of good faith and fair dealing; (4) inducing breach of contract; (5) promissory estoppel; (6) promissory fraud (promise with no intent to perform); (7) fraud (deceit/intentional misrepresentation); (8) negligent misrepresentation; (9) breach of fiduciary duty; (10) aiding and abetting the breach of fiduciary duty; (11) intentional interference with prospective economic advantage; (12) negligent interference with prospective economic advantage; (13) unjust enrichment; (14) trade libel and defamation; (15) common count for goods and services rendered; (16) unfair business practices in violation of California Business and Professions Code § 17200, *et seq.*; (17) declaratory relief; and (18) injunctive relief.

On December 13, 2012, Defendants filed a Rule 12 motion to dismiss. (ECF No. 10.) Specifically, Qiagen moves under Rule 12(b)(2) for dismissal of all claims asserted against it on the basis that this Court lacks personal jurisdiction. (*Id.* at 2:8-9.) Gordon, Jiu and Olejnik move under Rule 12(b)(6) for dismissal of all claims asserted against them on the basis that Plaintiff's Complaint fails to state a claim against them upon which relief can be granted. (*Id.* at 2:10-12.) Finally, IBS moves under Rule 12(b)(6) for dismissal of claims 6-8, 13-16 and 18 on the basis that Plaintiff's Complaint fails to state a claim against IBS upon which relief can be granted. (*Id.* at 2:13-14.)[2] Defendants' motion to dismiss is currently pending.

## II. ANALYSIS

### 1. <u>Rule 26(f) Conference and Scheduling Order</u>

Plaintiffs initially request that the Court compel the parties to conduct a Rule 26(f) conference and to exchange initial disclosures so that discovery can commence. Plaintiffs argue that pursuant to Rule 16(b), a scheduling order must be issued now that all defendants have appeared. Rule 16 provides:

> (1) Scheduling Order. *Except in categories of actions exempted by local rule,* the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
>
>> (A) after receiving the parties' report under Rule 26(f); or
>>
>> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.
>
> (2) Time to Issue. The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared.

FED. R. CIV. P. 16(b) (emphasis added).

As noted above, Rule 16(b)(1) allows district courts to create local rules which exempt certain actions from the requirement that a scheduling order be issued. The Civil Local Rules for the Southern District of California provide:

---

[2] IBS does not move to dismiss claims 1-3, 5, 9, 11-12 or 17. Plaintiffs also claim that IBS does not move to dismiss claims 4 or 10. (ECF No. 23 at 3:18-19.) However, claims 4 and 10 are not asserted against IBS. (*See* ECF No. 1 at 27:8, 34:26.)

**Cases in which Status Conferences are not Required.** At the discretion of a judge assigned to the case, ENE and case management conferences need not be set in the following categories of cases:

. . .

5.      Cases in which a substantial number of defendants have not answered[.] Civ. L.R. 16.1(e).

In this case, although Defendants have appeared in this action by filing a Rule 12 motion to dismiss, none of the Defendants have filed an answer. Accordingly, the Court is not required to issue a scheduling order or set an Early Neutral Evaluation Conference at this time. *See Amylin Pharma., Inc. v. Eli Lilly and Co.*, No. 11-CV-1061 JLS (NLS), 2011 U.S. Dist. LEXIS 97725, at *5-6 (S.D. Cal. Aug. 31, 2011) (concluding local rule exempts court from requirement that a scheduling order issue within time frame set forth in Rule 16(b)(2) or from scheduling an ENE).

Not only is the Court not currently required to set a Rule 26(f) conference deadline or issue a scheduling order, but the Court also believes doing so is not appropriate at this time given the pending motion to dismiss. If Defendants' motion is granted, only IBS would remain in this case. Thus, it is inappropriate to require all Defendants to spend costs and resources to exchange initial disclosures. Additionally, even though IBS would remain in the case, the scope of its initial disclosure obligations is dependent on the Court's resolution of the motion to dismiss. Accordingly, the Court declines to compel the parties to participate in the Rule 26(f) conference. The Court also declines to issue a scheduling order at this time.

**2.      Early Discovery**

Next, Plaintiffs request that they be permitted to commence discovery, at least on those matters that are not subject to Defendants' pending motion to dismiss. Plaintiffs contend that any further delay in commencing discovery will increase the harm they suffer and that "[t]he longer the delays in commencement of discovery, the greater the risk of evidence being lost or destroyed, including the destruction, inadvertent or otherwise, of documents and the inability of witnesses to recall factual details." (ECF No. 23 at 4:24-26.) Plaintiffs further contend that Defendants would suffer no prejudice by commencing

1  discovery now because discovery "will indisputably begin at some point" due to the fact that
2  at least some of the claims against IBS are not subject to the motion to dismiss.  (*Id.* at 4:26-
3  5:3.)

4       Defendants oppose Plaintiffs' request for early discovery on the basis that continuing
5  the status quo "will promote efficiency and avoid a duplication of efforts because it will
6  ensure that the parties know which claims are in the case (and which are not) prior to . . .
7  beginning discovery."  (*Id.* at 5:25-27.)  Defendants further contend that resolution of their
8  motion to dismiss "may change the scope and character of this litigation significantly" (*id.*
9  at 6:1-2), and that Plaintiffs' proposal to commence discovery on those matters not subject
10 to the motion to dismiss "would result in an inefficient, piecemeal discovery process that
11 would place an undue burden and expense on IBS, which would be forced to respond to
12 discovery on certain claims now and perhaps additional claims down the road."  (*Id.* at 6:12-
13 15.)

14      In accordance with Rule 26(d), discovery generally does not commence until parties
15 to an action meet and confer as prescribed by Rule 26(f), unless allowed by court order or
16 agreement of the parties.  FED. R. CIV. P. 26(f).  A court may permit early discovery if the
17 requesting party demonstrates good cause.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208
18 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited
19 discovery, in consideration of the administration of justice, outweighs the prejudice to the
20 responding party."  *Id.*  In determining whether good cause justifies expedited discovery,
21 courts commonly consider the following factors: "(1) whether a preliminary injunction is
22 pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the
23 expedited discovery; (4) the burden on the defendants to comply with the requests; and (5)
24 how far in advance of the typical discovery process the request was made." *Am. LegalNet.,*
25 *Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung*
26 *Elecs. Co., Ltd.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

27      The Court has considered the factors identified above and finds they weigh against
28 Plaintiff's request to conduct expedited discovery.  First, no motion for preliminary

injunction is currently pending.  Second, although Plaintiffs generally narrow the requested early discovery to those matters not subject to Defendants' motion to dismiss, the Court views this limitation as likely unworkable in practice.  Indeed, the Court is concerned that allowing some discovery now will lead to duplicative efforts, including multiple depositions of the same witnesses, and potential discovery disputes between the parties regarding whether certain discovery is or is not impacted by the motion to dismiss.  Third, Plaintiffs' generalized claim that further delay will increase the risk of evidence being lost or destroyed or the fading of witnesses' memories is unpersuasive.  Plaintiffs have not proffered any evidence to support such a speculative and conclusory claim.  Fourth, as noted previously, requiring the parties to engage in limited discovery now will likely result in duplicative efforts by Defendants and witnesses.  *See Amylin*, 2011 U.S. Dist. LEXIS 97725, at *6-7 (rejecting plaintiff's argument for early discovery into certain claims not subject to defendant's motion to dismiss).

Accordingly, the Court declines to permit Plaintiffs to commence early discovery efforts prior to the Rule 26(f) conference.

**3.    Early Neutral Evaluation Conference**

Finally, Plaintiffs request that the Court schedule an Early Neutral Evaluation Conference because they believe such a conference would be helpful to stimulate settlement discussions.  Defendants contend that at Early Neutral Evaluation Conference at this time "would be a waste of time and resources . . . before the contours of this case have even taken shape."  (ECF No. 23 at 6:5-6.)

Rule 16(c) of the Civil Local Rules requires that an Early Neutral Evaluation Conference be held within forty-five days of the filing of an answer.  Civ. L.R. 16.1(c)(1).  As noted, no answer has been filed in this case.  However, the Civil Local Rule 16.1 also provides that a party may request the Court

> to hold an early neutral evaluation conference, discovery conference or status/case management conference. . . . Upon receiving such request, the judicial officer will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay [in] the case. The judicial officer will hold such

conferences as he or she deems appropriate.

*Id.*

Here, the Court agrees with Defendants that an Early Neutral Evaluation Conference is not appropriate at this time prior to resolution of Defendants' motion to dismiss. Indeed, it is unlikely that fruitful settlement discussions will occur given that four of the five Defendants anticipate being dismissed from this case, and that the majority of the claims against IBS could potentially be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' request that the parties be compelled to conduct a Rule 26(f) conference and exchange initial disclosures. The Court also **DENIES** Plaintiffs' request that they be permitted to commence with early discovery efforts. Finally, the Court **DENIES** Plaintiffs' request that an Early Neutral Evaluation Conference be scheduled.

**IT IS SO ORDERED.**

DATED: June 26, 2013

DAVID H. BARTICK
United States Magistrate Judge