UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZCO BIOTECH INC., a Nevada Corporation; and J ADAMS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>QIAGEN, N.V., a Netherlands holding company; STEVEN GORDON, an individual; JINGYUE JIU, an individual; JERZY OLEJNIK, an individual; INTELLIGENT BIO-SYSTEMS, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Civil No. 12-cv-2599-BEN (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE ERRATA TO DEPOSITION OF PLAINTIFF J ADAMS**<br><br>**[ECF No. 91]** |
| INTELLIGENT BIO-SYSTEMS, INC.,<br><br>Counter Claimant,<br><br>v.<br><br>AZCO BIOTECH INC.,<br><br>Counter Defendant. | |

On December 15, 2014, the Court denied without prejudice Defendants' motion to strike the errata to the deposition of Plaintiff J Adams ("Adams"). (ECF No. 81.) On January 15, 2015, following extensive meet and confer efforts, Defendants filed a new

motion to strike the errata to Adams' deposition. (ECF No. 91.) Plaintiffs filed an opposition to Defendants motion on January 16, 2015. (ECF No. 94.) For the reasons set forth below, Defendants' motion is **GRANTED**.

Defendants seek to strike numerous changes to Adams' October 21, 2014 deposition that were set forth in a November 28, 2014 email from Plaintiffs' counsel to Defendants' counsel. Defendants contend this "errata" should be stricken because it fails to comply with the procedural and substantive requirements of Federal Rule of Civil Procedure 30(e), which provides:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A)  to review the transcript or recording; and
>
> (B)  if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

FED. R. CIV. P. 30(e)(1).

**A.   Procedural Requirements**

Defendants contend the errata fails to comply with several of Rule 30(e)'s procedural requirements, including that the errata was untimely, was not signed by Adams, and was not accompanied by a statement of reasons for the changes. Plaintiffs' opposition makes no attempt to explain the procedural violations. The Court addresses each requirement in turn.

1.   Timeliness

Defendants contend the errata to Adams' testimony was not made within the 30-day period permitted by Rule 30(e)(1) because the changes were not transmitted to Defendants' counsel until 31 days after the deposition transcript became available. (ECF No. 91 at 4:4:4-7, 23-26.) However, the 30-day period commences after the deponent is notified by the court reporter that the transcript is available. FED. R. CIV. P. 30(e)(1). Here, Defendants' motion does not clearly demonstrate when Adams or his counsel were notified by the court reporter that Adams' deposition transcript was available for review. Rather, Defendants' motion asserts the transcript "became available" on October 28, 2014. (ECF No. 91 at 4:4-5.)

Nothing in the record establishes that the transcript "became available" *to Adams* on that date.

Moreover, even if the Court were to accept Defendants' unsupported assertion that Adams' deposition transcript "became available" on October 28, 2014, Plaintiffs' counsel's attempted errata on November 28, 2014 is nevertheless timely. Although the errata was sent on the 31st day, the 30th day fell on a legal holiday (*i.e.*, Thanksgiving Day). Thus, pursuant to Federal Rule of Civil Procedure 6(a)(1), Plaintiffs' deadline under Rule 30(e) was extended. Accordingly, the Court rejects Defendants' argument that the errata to Adams' deposition testimony was untimely.[1]

    2.    <u>Signature</u>

As set forth above, Rule 30(e) requires that a deponent "sign a statement listing the changes." FED. R. CIV. P. 30(e)(1)(B). In *Adams v. Allied Security Holdings*, 236 F.R.D. 651, 652 (C.D. Cal. 2006), the court concluded the plaintiff failed to comply with this requirement when the "plaintiff's counsel submitted proposed changes to plaintiff's deposition to defendants without obtaining plaintiff's signature." *Id.* The court emphatically rejected the attorney's changes: "Since the deposition was of plaintiff, not plaintiff's counsel, only plaintiff can change his deposition testimony! To permit otherwise would drastically devalue the deposition of any party involved in litigation." *Id.*

Similarly, in the instant case, Plaintiffs' counsel sent an email to Defendants' counsel on November 28, 2014 setting forth various "additions" to Adams' deposition testimony. (ECF No. 91-3.) This email fails to comply with Rule 30(e)'s express requirement that changes to deposition testimony be signed by the deponent. FED. R. CIV. P. 30(e)(1)(B) (permitting deponent to make "changes in form or substance . . . [by] sign[ing] a statement listing the changes."). The Court finds the rationale of the *Adams* court to be instructive and persuasive. To permit a party's attorney to make changes to deposition testimony would

---

[1] The Court also recognizes that the Ninth Circuit has suggested that a technical violation of Rule 30(e)'s timing requirement may not require exclusion in every case. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224 (9th Cir. 2005) ("Missing the thirty day deadline by a mere day or two might not alone justify excluding the corrections in every case.").

improperly convert the attorney into a testifying witness, albeit one who lacks personal knowledge of the purported testimony. Moreover, the changes could not be attributed to the deponent where the deponent never attests to making the changes.[2]

In sum, Plaintiffs' counsel's email to Defendants' counsel purporting to make multiple changes to Adams' deposition testimony fails to comply with Rule 30(e)'s requirement that the changes be signed by the deponent. This failure requires that the errata be stricken. *See Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS), 2010 U.S. Dist. LEXIS 123683, at *7 (S.D. Cal. Nov. 22, 2010) ("Courts insist on strict compliance with Rule 30(e)'s technical requirements.").

### 3. Statement of Reasons

The third procedural requirement that Defendants contend Adams failed to satisfy is Rule 30(e)'s requirement that the signed statement by the deponent include the reasons for making the changes. In *Hambleton Bros.*, the Ninth Circuit concluded the plaintiff violated Rule 30(e) when it "omitted any statement in the deposition errata explaining the corrections, despite the fact that the plain language of the Rule requires that a statement giving reasons for the corrections be included." 397 F.3d at 1224. The Ninth Circuit went on to explain that "[a] statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *Id.* at 1224-25. "The absence of any stated reasons for the changes supports the . . . concern that the [plaintiff's] 'corrections' were not corrections at all, but rather purposeful rewrites tailored to manufacture an issue of material fact . . . and to avoid a summary judgment ruling in [defendant's] favor." *Id.* at 1226; *see also Tourgeman*, 2010 U.S. Dist. LEXIS 123683, at *7 ("Courts insist on strict

---

[2] Although Plaintiffs' counsel's November 28, 2014 email advised that "Adams has signed his deposition with the following changes . . ." (ECF No. 91-3 at 2), the Court finds this statement is insufficient to satisfy Rule 30(e)'s requirement that the changes be signed by the deponent. Plaintiffs' opposition to Defendants' motion to strike provides no evidence that Adams actually signed the proposed changes. *See Adams*, 236 F.R.D. at 652 (noting that "in his opposition to defendants' motion [to exclude changes to plaintiff's deposition testimony], plaintiff failed to explain why he personally did not sign the proposed changes to his deposition.").

compliance with Rule 30(e)'s technical requirements, including the requirement of a statement of reasons.").

Adams failed to include a statement of reasons with the proposed changes to his deposition testimony. This failure requires that the errata be stricken. *See Tourgeman*, 2010 U.S. Dist. LEXIS 123683, at *7 ("[T]he errata sheet is not accompanied by a statement of reasons explaining the changes. This alone justifies striking the errata sheet." (citing *Hambleton Bros.*, 397 F.3d at 1224-26) (footnotes omitted)). Moreover, Plaintiffs cannot cure this failure by their attempt to explain the changes in their recently filed opposition in which they argue the changes were necessary to ensure that Adams' answers were not taken out of context. (ECF No. 94 at 6:9-19.) *See id.* at *8 n.5 (rejecting offer to provide an errata sheet explaining reasons for the changes because "Rule 30(e) required [party] to submit a statement of reasons along with the original errata sheet, and the time for submitting a statement of reasons has since elapsed." (citing FED. R. CIV. P. 30(e)(1); *Blackthorne v. Posner*, 883 F. Supp. 1443, 1454 n.16 (D. Or. 1995)).

**B.    Substantive Requirements**

Defendants also contend the errata must be stricken because it improperly expands and contradicts Adams' deposition testimony. The Court agrees.

Although each side has attached limited portions of Adams' deposition transcript (ECF No. 91-4; ECF No. 94-1 at 14-17), the parties' filings do not include copies of the portions of Adams' testimony that are addressed in the errata. However, based on the Court's review of Plaintiffs' counsel's November 28, 2014 email setting forth the proposed changes, which purports to add to Adams' original testimony, the Court finds that the changes violate the Ninth Circuit's limitation that a deposition errata not be allowed to make contradictory changes. For example, although Adams testified in his deposition that the term sheet was the only agreement that Azco Biotech Inc. and Intelligent Bio-Systems, Inc. ever entered into, the proposed changes greatly expand on this testimony to include mention of oral agreements and modifications. (ECF No. 91-3 at 2.) The other proposed changes similarly expand, and in some cases contradict, Adams' deposition testimony. (*Id.* at 2-3.)

"A deposition is not a take home examination." *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992). The changes are not permitted. *See Tourgeman*, 2010 U.S. Dist. LEXIS 123683, at *8 (finding "troubling" certain changes that "directly contradict [the deponent's] sworn deposition testimony," and noting that "[c]hanging 'yes' to 'no' and 'correct' to 'no not correct' are paradigmatic examples of contradiction, rather than correction.").

Plaintiffs rely on the holding in *Brokaw v. Qualcomm, Inc.*, No. 01cv1172-L(LAB), 2003 U.S. Dist. LEXIS 26519 (S.D. Cal. Mar. 4, 2003), wherein the court reviewed in some detail two divergent constructions of the scope of Rule 30(e)'s language permitting "changes in form or substance." The court rejected a narrow interpretation of Rule 30(e) followed by some courts, as exemplified in *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992), permitting only changes to correct errors in the transcription while precluding changes that would alter a deponent's sworn testimony. *Brokaw*, 2003 U.S. Dist. LEXIS 26519, at *5-14.[3] Instead, the *Brokaw* court adopted a lenient interpretation of Rule 30(e) that permits a deponent "to make any and all desired changes, even to contradict the answers given at the deposition and even if the reasons given for making the changes are unconvincing." *Id.* at *15 (citing *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981)).

In adopting a lenient interpretation of Rule 30(e)'s "form or substance" language, the *Brokaw* court reasoned that "if a deponent gave inaccurate testimony, he or she should be permitted to correct it between the recording of the testimony and his or her adoption of the transcript, much like a witness who has changed his or her mind or recollection between the

---

[3] The *Greenway* court reasoned:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, *i.e.*, he reported "yes" but I said "no," or a formal error, *i.e.*, he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

144 F.R.D. at 325.

time of deposition and the giving of trial testimony is permitted to provide additional, clarifying, even contradictory testimony." *Brokaw*, 2003 U.S. Dist. LEXIS 26519, at *17. The court also recognized the need to ensure several procedural safeguards, including: (1) a deponent making changes must be held to "strict compliance" with Rule 30(e)'s technical requirements such as the requirement that the changes be accompanied by specific reasons for each particular change, (2) the deponent's original answers must be retained as part of the record; and (3) substantive changes to deposition testimony, "such as contradictions or changes positing new facts or raising new issues, or when the reasons given for the changes warrant inquiry for impeachment purposes, may entitle the deposing party to reopen the deposition." *Id.* at *17-23. The *Brokaw* court ultimately rejected the narrow *Greenway* approach in favor of the expansive *Lugtig* approach, and concluded "that all the safeguards endorsed by the authority adopting the lenient construction of Rule 30(e) must be observed, to minimize the potential for abuse and to preserve the integrity of the discovery and fact-finding processes." *Id.* at *26 (citing *Holland v. Cedar Creek Mining, Inc.*, 198 F.R.D. 651, 653 (S.D. W. Va. 2001)).

However, Plaintiffs' reliance on *Brokaw* is problematic in light of the Ninth Circuit's pronouncement in *Hambleton Bros.* that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton Bros.*, 397 F.3d at 1226. Indeed, to the extent *Brokaw* permits a deponent to make substantive changes that contradict sworn deposition testimony, *Brokaw* is no longer good law.[4] Further, Plaintiffs' argument that *Hambleton Bros.* is distinguishable because that case involved "late changes, changes without explanation, additions not already in the deposition, and new claims" (ECF No. 94) is unpersuasive. As previously noted, the errata was not accompanied by a statement of reasons for the changes.

---

[4] The Court notes that even if *Brokaw* were still good law following *Hambleton Bros.*, Defendants' motion to strike would nevertheless be granted based on Plaintiffs' failure to strictly adhere to Rule 30(e)'s procedural requirements, as discussed above. Although the court in *Brokaw* adopted the lenient *Lugtig* approach, the court emphasized that it would "require strict compliance with the technical requirements of the Rule and observance of the procedural safeguards attaching to the lenient approach to ensure the integrity of the discovery and fact finding processes." *Brokaw*, 2003 U.S. Dist. LEXIS 26519, at *6-7.

Moreover, nothing in *Hambleton Bros.* suggests that the Ninth Circuit's holding should be limited to the unique facts of that case. Rather, the Ninth Circuit unambiguously, and without qualification, held that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226.[5]

Plaintiffs contend "the words in dispute were made necessary by defense counsel's repetitive questions rendering the errata changes as timely safeguards to ensure answers are not taken out of context." (ECF No. 94 at 2:27-3:1.) Plaintiffs also contend "the answers were consistent with the answers given elsewhere in the deposition and were also supported by the written record and by the admissions of IBS' agents, officers, and employees." (*Id.* at 6:13-15.) However, whether other evidence supports the proposed changes is not the standard under Rule 30(e). *See Tourgeman*, 2010 U.S. Dist. LEXIS 123683, at *10 (rejecting argument that "witness and document evidence corroborates [the deponent's] changes to her deposition" because "this argument misses the point.").

Plaintiffs also contend that the proper remedy is to allow Defendants' counsel to impeach Adams at trial. (ECF No. 94 at 5:1-6:5.) However, this argument is inconsistent with *Hambleton Bros.* and has been rejected in this district. In *Tourgeman*, the court rejected the argument that striking the errata was unnecessary because the opposing side could impeach the deponent using her original deposition testimony, reasoning that "the Court does not see why DFS should suffer no penalty for its misuse of Rule 30(e). . . . Imposing no remedy at all for DFS' clearly improper use of an errata sheet would render null Rule 30(e)'s procedural and substantive requirements." 2010 U.S. Dist. LEXIS 123683, at *11. That being said, Plaintiffs "will have a full opportunity to explain [Adams'] mistaken testimony at summary judgment or at trial. The finder of fact will have the opportunity to decide

---

[5] The Court finds that it is unnecessary to sift through the extensive summary judgment briefs currently pending before the district judge to determine whether the errata is being used in an attempt to create a triable issue of material fact. "Courts strike errata sheets in contexts beyond summary judgment." *Tourgeman*, 2010 U.S. Dist. LEXIS 123683, at *9 (citations omitted); *see also Lewis v. CCPOA Benefit Trust Fund*, No. C-08-03228-VRW (DMR), 2010 U.S. Dist. LEXIS 95739, at *9 (N.D. Cal. Aug. 27, 2010) ("Even where changes to a deposition transcript are not used as a sham to create a triable issue of fact, Rule 30(e) may only be used for corrective, and not contradictory changes" (citing *Hambleton Bros.*, 397 F.3d at 1225-26)).

[Adams'] credibility and reliability on the facts in question, and may ultimately decide he was honestly mistaken about certain facts when he gave his deposition testimony." *Lewis*, 2010 U.S. Dist. 95739, at *10.

### C.   Conclusion

Based on the foregoing, the Court finds the errata to Plaintiff J Adams' October 21, 2014 deposition fails to comply with the procedural and substantive requirements of Federal Rule of Civil Procedure 30(e). Accordingly, Defendants' motion to strike the errata is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  January 23, 2015

DAVID H. BARTICK
United States Magistrate Judge