FILED

15 MAR 13 AM 11:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA


DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZCO BIOTECH, INC., a Nevada Corporation; and J. ADAMS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>QIAGEN, N.V., a Netherlands holding company; et al.,<br><br>Defendants. | CASE NO. 12-CV-2599-BEN (DHB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>[Docket Nos. 74, 88] |

Before this Court is a Motion for Leave to Amend the Complaint, filed by Plaintiffs Azco Biotech, Inc. and J. Adams on December 8, 2014. (Docket No. 74). On January 6, 2015, Plaintiffs filed an Amended Notice of Motion that included the date and time of hearing. (Docket No. 88). The Court considers the two documents, the Motion and the Amended Notice, as one motion. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On August 24, 2012, Plaintiffs initiated this action against Defendants, alleging eighteen claims. In December 2012, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 10). On January 4, 2013, the Court granted Defendants' motion to dismiss in part, and particularly limited Plaintiffs' fraud claims. (Docket No. 25, Aug. 20, 2013 Order 18-19.) The

Court also granted Plaintiffs leave to file an amended complaint within 21 days of the Order. Plaintiffs did not file an amended Complaint.

On December 20, 2013, the Magistrate Judge issued a scheduling order pursuant to Federal Rule of Civil Procedure 16, in which a deadline to amend pleadings was set for February 24, 2014. (Docket No. 44.) The Magistrate's order scheduled discovery to close on August 22, 2014. At the Parties' request, the discovery cut-off deadline was continued to October 22, 2014. (Docket No. 58.)

Plaintiffs filed the instant Motion to Amend just two days before they filed a motion for partial summary judgment.

## LEGAL STANDARD

Once the court issues a "pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings," Rule 16 standards control. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard looks to the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

## DISCUSSION

Plaintiffs desire to amend their Complaint in order to include more specific factual allegations to bolster three claims that this Court previously limited: promissory fraud, intentional misrepresentation, and negligent misrepresentation. Plaintiffs contend that they discovered new facts throughout discovery. Forty-five new paragraphs appear in the proposed amended complaint. The new paragraphs allege that Defendants induced Plaintiffs to partner with them and to market and distribute Defendants' products. All the while, it was Defendants' intent to be acquired by a third party. During acquisition negotiations, Plaintiffs allege that Defendants urged them to keep working by claiming the new parent company would continue to use Plaintiffs to distribute their products even after the acquisition.

First, Plaintiffs argue that Federal Rule of Civil Procedure 15 contains the correct standard to apply in this case. The Ninth Circuit made it clear in *Johnson* that Rule 15 does not control once a scheduling order has been issued. *Johnson*, 975 F.2d at 608. Rule 16 controls the instant Motion. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013) (applying the "good cause" standard in Rule 16 where plaintiffs moved to amend their complaints to add new claims after a scheduling order was issued).

Second, an amended complaint to simply add new facts is unnecessary at this stage in the litigation. This action has progressed beyond a motion to dismiss. Motions for summary judgment are pending. Plaintiffs have also included the proposed new facts in their motion for partial summary judgment.

Third, Plaintiffs' reasoning for amending their complaint is insufficient to show they acted diligently. Once Defendants advised Plaintiffs of the position they would take in a motion for summary judgment—that insufficient evidence had been established to support Plaintiffs' fraud claims—Plaintiffs decided to add new factual allegations to their Complaint. (Mot. 2.) Plaintiffs argue amendment is necessary to defend against Defendants' position. That is not so. Plaintiffs can properly contest the defense case in an opposition to Defendants' motion for summary judgment.

Finally, Plaintiffs comment that the "new facts" were not known to them before the discovery phase. Yet, they do not point to any particular facts that were learned from Defendants' disclosures. Defendants claim that they produced documents on two occasions: first in May 2014, and again in July 2014. (Opp'n 5.) Some of these "new facts" are supported by public documents or emails that Plaintiffs had in their possession. (Mot. 2.) Further, even if Plaintiffs could not have known these facts until discovery, Plaintiffs provide no sufficient reason for waiting until December 2014 to amend their Complaint.

The deadline to amend pleadings was February 24, 2014. Over one year has

passed. Defendants' last production of documents occurred in July 2014. Discovery closed on October 22, 2014. Yet, Plaintiffs provide no good cause for waiting until the deadline to file motions for summary judgment to attempt to amend their Complaint. Nor do Plaintiffs give a reason for why an amendment is necessary.

## CONCLUSION

Upon review, the Court finds the time for amending the complaint has passed, and no good cause has been shown for permitting a late amendment to the Complaint. Accordingly, the Motion to Amend is **DENIED**.

**IT IS SO ORDERED**.

Dated: March /3, 2015

HON. ROGER T. BENITEZ
United States District Judge