Daniel T. Pascucci (SBN 166780)
dtpascucci@mintz.com
Eric J. Eastham (SBN 261048)
ejeastham@mintz.com
Justin S. Nahama (SBN 281087)
jsnahama@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  (858) 314-1500
Facsimile:   (858) 314-1501

Matthew C. Hurley (*admitted pro hac vice*)
mhurley@mintz.com
Brian P. Dunphy (*admitted pro hac vice*)
bdunphy@mintz.com
Sean Grammel (*admitted pro hac vice*)
smgrammel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile:  (617) 542-2241

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZCO BIOTECH INC., a Nevada Corporation; and J. ADAMS, an individual,<br><br>         Plaintiffs,<br><br>   vs.<br><br>STEVEN GORDON, an individual; JINGYUE JU, an individual; JERZY OLEJNIK, an individual; and INTELLIGENT BIO-SYSTEMS, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>         Defendants.<br><br>AND RELATED COUNTER-CLAIMS. | Case No. 3:12-cv-02599-BEN-DHB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IBS'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN OF PLAINTIFFS' PROPOSED EXHIBITS UNDER RULES 401 AND 403**<br><br>The Honorable Roger Benitez<br><br>Complaint Filed:  October 24, 2012<br><br>Pretrial Conference: September 14, 2015<br>Conference Time: 10:30 AM<br>Courtroom: 5A<br><br>**ORAL ARGUMENT REQUESTED SUBJECT TO COURT APPROVAL** |

## BACKGROUND

Plaintiffs originally brought 18 causes of actions against two companies, three individuals, and a group of 50 Doe defendants. *See* Complaint, Dkt No. 1. After the Court's Order on the Defendants' Motion to Dismiss, Plaintiffs had 11 claims against IBS and 3 claims each against the three individual defendants. *See* Order on Defendants' Motion to Dismiss, Dkt. No. 25. Discovery was taken on this broad swath of allegations, which included breach of written contract, breach of oral contract, promissory fraud, intentional and negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and unfair business practices. After the close of discovery, the parties filed cross-motions for summary judgment, with the Court issuing its opinion on July 2, 2015. *See* Dkt. No. 111.

Plaintiffs' only remaining claim is for breach of oral contract (Count II). *See* Order on Summary Judgment, Dkt. No. 111, at 20. On August 24, 2015, Plaintiffs provided their pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) and disclosed that they planned to introduce 15 witnesses and 133 exhibits. *See* Plaintiffs' Rule 26(a)(3) Disclosures, Dkt. No. 117. Almost all of the witnesses have previously testified at their depositions that they had no involvement in negotiating any contracts between IBS and Azco and most of the exhibits relate to claims that have been dismissed by the Court on summary judgment.

## ARGUMENT

Many exhibits disclosed by Plaintiffs are irrelevant or will only serve to confuse the jury, waste time, and unfairly prejudice IBS. IBS moves *in limine* to exclude certain categories of evidence that are particularly irrelevant or inadmissible under Rules 401 and 403.

Under Federal Rule of Evidence 401, evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Even if relevant, evidence may be excluded if "its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Three categories of evidence are both irrelevant under Rule 401 and unfairly prejudicial, confusing, and unnecessary under Rule 403: evidence related to (1) QIAGEN's acquisition of IBS, (2) the license agreement between Columbia University and IBS, and (3) the patent infringement suit between Illumina and IBS.

## I. Documents and testimony related to QIAGEN's acquisition of IBS are not relevant and would only serve to confuse the issues and waste time.

Documents and evidence about QIAGEN's acquisition of IBS are irrelevant to the issues raised by Azco's breach of oral contract claim against IBS. FED. R. EVID. 401. It is undisputed that QIAGEN acquired IBS in April 2012. But Plaintiffs seek to introduce a host of emails, documents, and legal materials about QIAGEN's initial interest in IBS, the due diligence process, and even the formal legal documents signed by QIAGEN and IBS.

Included among Plaintiffs' exhibits are several email chains between employees of QIAGEN and IBS about topics unrelated to this lawsuit. For instance, Exhibit 14 is an email chain in which Dr. Bettina Haedrich at QIAGEN introduces herself to Dr. Gordon at IBS and the two exchange intermittent emails throughout 2011. There is no discussion of Azco, distributors, contracts, the MAX-Seq, the MINI-20, or much substance of any kind. It is a completely irrelevant document.

There are also several emails and documents related to QIAGEN's due diligence of IBS before the acquisition. *See* Exhibits 25, 28, 30, 99-101, 105-106. For instance, in Exhibit 25, Dr. Gordon at IBS emails Dr. Haedrich a copy of the license agreement under which IBS licenses Columbia's Sequencing-by-Synthesis technology. Also attached is a capitalization table listing IBS's shareholders. Again, there is no discussion or information relevant to this lawsuit. None of the due diligence documents disclosed by Plaintiffs are probative of any issues surrounding

2

3:12-CV-02599-BEN-DHB

an oral contract, and the voluminous and complex nature of the exhibits can only serve to confuse a jury and waste time. FED. R. EVID. 403; *see* Exhibit 99 (an index for the various due diligence documents that IBS sent to QIAGEN); Exhibits 30 and 101 (due diligence materials, completed by Ernst & Young and sent to QIAGEN, but never sent to IBS).

Plaintiffs include deal documents as well, including the Non-Binding Letter of Intent that QIAGEN sent to IBS (Exhibits 28 and 98), the actual merger agreement between QIAGEN and IBS (Exhibit 100), and even an escrow agreement between QIAGEN and IBS (Exhibit 102). Not only are these documents irrelevant to the oral contract dispute left for trial, but they are complex legal documents that would require witnesses to explain and dissect them. This would waste time and confuse the jury. Furthermore, submitting evidence that QIAGEN acquired IBS is needlessly cumulative because that fact is undisputed.

Plaintiffs previously had a damages theory in this case under which Azco claimed a portion of the purchase price paid by QIAGEN to IBS. But this is not a proper damages theory for a breach of contract claim. *See* Cal. Civ. Code §§ 3300, 3301. Any documents to support that theory are irrelevant and use the amount paid by QIAGEN for IBS in an unfairly prejudicial way.

To be clear, however, IBS does not object to the use of documents that may be relevant to Azco's breach of oral contract claim. But documents generally related to QIAGEN's acquisition of IBS are not designed to help the determination of whether IBS and Azco had an oral contract, and therefore they should be excluded under Rules 401 and 403.

**II.  The License Agreement between Columbia University and IBS, executed in 2006, is irrelevant to the oral contract claim in this case.**

Similarly, Plaintiffs have included in their pretrial disclosures documents related to IBS's licensing of the SBS technology from Columbia University. It is undisputed that IBS licenses this intellectual property from Columbia. Yet Plaintiffs

3

1  include the license agreement itself as two of their proposed exhibits. *See* Exhibits 37
2  and 103; *see also* Exhibit 25 (the transmission of the license agreement from IBS to
3  QIAGEN as part of the due diligence).

4  The license agreement, which was executed in 2006, would not help a
5  factfinder determine whether Dr. Gordon and Mr. Adams formed an oral contract in
6  2011 or 2012. Not only is it irrelevant, but it is a technical legal agreement that
7  discusses complex, confidential intellectual property. This is a case about an alleged
8  oral agreement to resell products, not the rights to intellectual property. Because the
9  license agreement is irrelevant and introducing it would only confuse the jury and
10 waste time, the Court should exclude any evidence or testimony about it.

11 **III. Documents and testimony about Illumina's patent infringement suit are**
12 **irrelevant and would only confuse the jury, waste time, and prejudice IBS.**

13 Plaintiffs have included a press release from Illumina, Inc. about a patent
14 infringement countersuit that Illumina filed against QIAGEN and IBS in July 2012
15 (Exhibit 84). As the press release itself notes, the patent infringement suit involves
16 Illumina, QIAGEN, IBS, and Columbia University. It does not touch on any of the
17 issues in this case: (1) did Dr. Gordon and Mr. Adams have an oral agreement to
18 resell products, and (2) if so, did IBS breach that agreement? The fact that there is an
19 unrelated lawsuit about the intellectual property used in the product is of no probative
20 value to the simple factual disputes in this case. Any documents or testimony about
21 this unrelated dispute over intellectual property would irrelevant and would only
22 confuse the issues for the jury, waste time, and be unfairly prejudicial to IBS.

23 **CONCLUSION**

24 The categories of evidence that IBS has outlined here are all irrelevant and
25 would only confuse the jury, waste time, and serve to prejudice IBS. FED. R. EVID.
26 401; FED. R. EVID. 403. To keep the focus on the actual issues in this case, the Court
27 should not permit Plaintiffs to introduce documents or testimony about the exhibits
28 described above.

4

| | | |
|---|---|---|
| 1 | Dated:  August 31, 2015 | Respectfully submitted, |
| 2 | | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC |
| 3 | | |
| 4 | | |
| 5 | | By *s/Justin S. Nahama*<br>      Justin S. Nahama, Esq. |
| 6 | | Matthew C. Hurley (*pro hac vice*)<br>Brian P. Dunphy (*pro hac vice*) |
| 7 | | Sean Grammel (*pro hac vice*)<br>MINTZ LEVIN COHN FERRIS GLOVSKY |
| 8 | | AND POPEO PC<br>One Financial Center |
| 9 | | Boston, MA 02111<br>Telephone: (617) 542-6000 |
| 10 | | Facsimile:  (617) 542-2241 |
| 11 | | Email: dtpascucci@mintz.com<br>           jsnahama@mintz.com |
| 12 | |           mhurley@mintz.com<br>           bdunphy@mintz.com |
| 13 | |           smgrammel@mintz.com |
| 14 | | *Attorneys for Defendants* |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On August 31, 2015, I filed a copy of the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IBS'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN OF PLAINTIFFS' PROPOSED EXHIBITS UNDER RULES 401 AND 403**

by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Brian Dunphy | bdunphy@mintz.com |
| Daniel Thomas Pascucci | dpascucci@mintz.com, Docketing@mintz.com, kjenckes@mintz.com |
| Eric J. Eastham | ejeastham@mintz.com, docketing@mintz.com, jsnahama@mintz.com, kasteinbrenner@mintz.com, kjenckes@mintz.com |
| Justin S. Nahama | JSNahama@mintz.com, docketing@mintz.com, KASteinbrenner@mintz.com |
| Maria C Severson | mseverson@amslawyers.com, mbyrnes@amslawyers.com |
| Mark C. Mazzarella | mmazzarella@mazzlorenz.com, daral@mazzarellalaw.com, lsanders@mazzlawgroup.com, pam@mazzarellalaw.com |
| Matthew C. Hurley | MCHurley@mintz.com |
| Michael J Aguirre | maguirre@amslawyers.com, mbyrnes@amslawyers.com |
| Sean Grammel | smgrammel@mintz.com |

Executed on August 31, 2015, at San Diego, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

*s/Justin Nahama*
Justin Nahama